IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BIANCA SHIRLAIN NEWMAN, §<br>#02392107, §<br>    Plaintiff, §<br>§<br>§<br>v. §<br>§<br>ERLEIGH NORVILLE WILEY, et al., §<br>    Defendants. § | No. 3:23-cv-00514-E (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bianca Shirlain Newman, a state prisoner, filed a *pro se* civil action, which the Court construes as a civil rights case under 42 U.S.C. § 1983. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (recognizing when a favorable determination of the prisoner's claims would not automatically entitle him to accelerated release, the case should be analyzed as a civil rights action); *see also* Compl. 1 (ECF No. 1) (Newman's initial filing was designated as a "Prisoner's Civil Rights Complaint"); Resp. 2 (ECF No. 10) (stating Newman seeks monetary damages as relief). The Court granted Newman leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 12). For the reasons stated, the Court should dismiss Newman's complaint for lack of subject matter jurisdiction.

I.

On February 22, 2023, Newman initiated this action by filing a fifty-two-page handwritten submission, which included documents from her criminal case in Kaufman County, Texas. Her initial submission has the heading: "Prisoner's Civil Rights Complaint." Compl. 1. Newman's claims were difficult to discern, and it was especially not clear whether she was attempting to pursue civil rights relief under § 1983 or whether she was seeking habeas relief under 28 U.S.C. § 2254. For example, Newman alleges that her "civil rights have been violated by [Erleigh Norville Wiley, the District Attorney for Kaufman County, Texas]." *Id*. 3. She further alleges that Wiley put her in "Double Jeopardy." *Id*. Newman states that she had been convicted of a crime "of which [she] [is] in fact innocent of and that which the evidence will show that [she] [is] innocent of." *Id*. She filed a motion seeking dismissal of her indictment for a "possible Brady violation." *Id*. at 5. Newman claims that she passed a polygraph examination, and the detective in charge of her criminal case determined that there was insufficient evidence to prosecute her. *Id*. at 21. Attached to her complaint, she filed a form entitled "Texas Prisoner Innocence Questionnaire." *Id*. at 35.

On March 29, 2023, the Court issued a Magistrate Judge's Questionnaire (MJQ) to Newman so that she could clarify what type lawsuit she was attempting to file. (ECF No. 8.) The Court instructed her to respond within 30 days, and she filed a response on April 19, 2023. (ECF No. 10.) In

2

her response to the MJQ, Newman explains that she would like to pursue a civil rights action under § 1983 and a habeas action "once it is determined whether [her] right's [sic] to this action were unlawfully waived." *Id.* at 2. In addition, she explains that she seeks to file a "writ of error" and have her case reviewed for errors, including post-conviction review. *Id.* She further states that she is attempting to appeal her criminal conviction sustained in Kaufman County. *Id.* at 3.

As relief in this lawsuit, Newman seeks "to have [her] case reheard or if at all appealed in a higher court with New Legal Counsel Appointed and New Officers of the Court to hear the evidence involved." Compl. 52. She also seeks post-conviction remedies, including monetary, punitive, exemplary, and special damages. Resp. 2.

II.

The Court lacks jurisdiction over Newman's complaint pursuant to the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Weekly v. Morrow*, 204 F.3d 613 (5th Cir. 2000), the Fifth Circuit Court of Appeals held that under the *Rooker-Feldman* doctrine:

3

> [F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly*, 204 F.3d at 615 (internal quotation marks and footnotes omitted); *see Spencer v. Wilson*, 2020 WL 822096, at *4 (S.D. Tex. Feb. 18, 2020) ("If a federal plaintiff's alleged injury arises from an 'allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,' then *Rooker-Feldman* bars the federal court's jurisdiction.") (quotation marks omitted); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress.") (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted)).

There are four elements to the *Rooker-Feldman* doctrine: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies to state court losers in criminal cases as well as civil cases. *See Holmes v. King Cnty. Sheriff*, 2021 WL 4860791, at *2 (W.D.

4

Wash. Oct. 19, 2021) (recognizing "[t]o the extent plaintiff is seeking review of the state court's judgments and determinations in an underlying criminal case, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine"); *Husain v. Missouri*, 2018 WL 4562906, at *3 (E.D. Mo. Sept. 24, 2018) (applying the *Rooker-Feldman* doctrine to a state criminal case); *Armolt v. Kerekstes*, 2015 WL 5343081, at *5 (M.D. Pa. Sept. 14, 2015) (recognizing the *Rooker-Feldman* doctrine prevents federal judges from considering lawsuits brought by "state-court losers" that require a federal court to re-examine the outcome of a state criminal case); *Washam v. Stengel*, 2013 WL 6328276, at *8 (M.D. Pa. Dec. 5, 2013) (stating the *Rooker-Feldman* doctrine prevents federal judges from considering lawsuits brought by "state-court losers" that require a federal court to re-examine the outcome of a state criminal case); *Linge v. Georgia*, 2013 WL 12106941, at *2 (N.D. Ga. May 6, 2013) (applying the *Rooker-Feldman* doctrine to a state criminal case).

    Here, Newman was indicted for capital murder with intentional murder during a robbery, a capital felony in Texas. She pleaded guilty to robbery, a second-degree felony, in the 86th District Court in Kaufman County, Texas and was sentenced to five years' imprisonment in the Texas Department of Criminal Justice (TDCJ). Newman now seeks to appeal her state criminal conviction. However, she is not entitled to review of a state

court's criminal judgment in this Court due to the *Rooker-Feldman* doctrine. Accordingly, Newman's claims should be dismissed.

## Recommendation

The Court should DISMISS Newman's complaint for want of subject matter jurisdiction.

May 18, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).